UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-CR-20351-CMA

UNITED STATES OF AMERICA

vs.

LUIS ALBERTO CHACIN HADDAD

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida, and the United States Department of Justice, Criminal Division, Fraud Section and Money Laundering & Asset Recovery Section (collectively, the "Government" or the "United States"), and Luis Alberto Chacin Haddad (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive indictment and to plead guilty to the one-count Information filed in this case, which charges the defendant with conspiracy to commit felony violations of the Foreign Corrupt Practices Act (Title 15, United States Code, Sections 78dd-2 and 78dd-3), in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter, the "Sentencing Guidelines"), as well as other factors enumerated in Title 18, United States Code, Section 3553(a). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware

1

that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1, and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that for the charge in the Information of conspiracy to commit an offense against the United States in violation of Title 18, United States Code, Section 371, the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss derived from the offense, whichever is greater, and the Court may also order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 per count will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the Government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. The Government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The Government agrees to recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the Government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. The Government, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant agrees that he shall cooperate fully with the Government by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Government, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Government; and (c) if requested by the Government, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes. The defendant agrees not to reveal his cooperation, or any information derived therefrom, to any third party without prior consent of the Government.

8. The Government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the Government, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the Government may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires the Government to file any such motions, and that the Government's

assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the filing or non-filing of a motion to reduce sentence. In addition, because the defendant agrees that the Government shall have sole and unreviewable discretion to move for any sentencing reduction based on his cooperation, the defendant agrees that he will not seek a variance from the guideline range under Title 18, United States Code, Section 3553(a) because of any cooperation, although the defendant may move for a variance, if he chooses, because of other grounds, if any, which do not involve cooperation.

9. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the Government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

10. In the event that the defendant chooses to seek a variance from the sentencing guideline range, the defendant further agrees that any such application shall be filed in writing with the Court and served on the United States no later than the deadline for submitting objections to the Pre-Sentence Investigation Report stated in Federal Rule of Criminal Procedure 32(f)(1).

11. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to commit felony violations of the Foreign Corrupt Practices Act, Title 15, United States Code, Sections 78dd-2 and 78dd-3, charged in the Information. The defendant agrees to consent to the entry of orders of forfeiture for such property and for a money judgment equal in value to the total amount of proceeds he obtained as a result of his offense of conviction. The defendant admits and agrees that the conduct described in the Information and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. The

defendant agrees that such property includes, but is not limited to:

    (i)    A sum of at least $5.5 million, which represents the total amount the defendant individually acquired through his offense of conviction less the direct costs incurred in providing any lawful goods or services, and which may be sought as a forfeiture money judgment; and

    (ii)    Real property located at 2127 Brickell Avenue, Unit 1001, Miami, Florida 33129, which although titled in the name of Brickell Miami 1001 LLC, was purchased by the defendant with proceeds from his offense of conviction and beneficially owned by the defendant.

12.    The defendant agrees to waive any appeal of the forfeiture. The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any applicable time limits for the initiation of administrative or judicial forfeiture proceedings and/or further notification of any such forfeiture brought against the property sought for forfeiture.

13.    The defendant also agrees to assist the Government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The defendant agrees that the United States shall, at its discretion, be entitled to forfeiture of any property (substitute

assets) of the defendant to satisfy the money judgment. The defendant further agrees that all elements of Title 21, United States Code, Section 853(p), have been satisfied. The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the Government in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to the Government, upon the Government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. The defendant further agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the Government.

14. The defendant agrees to make full and accurate disclosure of his financial affairs to the Government and expressly authorizes the Government to obtain a credit report. The defendant agrees that within 10 calendar days and upon request of the Government, the defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (a) separate prosecution, including, under Title 18, United States Code, Section 1001; or (b) recommendation of a denial of

a reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1. The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the Government, until his forfeiture money judgment is paid in full. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date when he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

15.     The defendant further understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the Court. The defendant knowingly and voluntarily waives any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property.

16. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the

8

defendant shall be released from the above waiver of appellate rights. In addition to the foregoing provisions, the defendant hereby waives all rights to argue on appeal that the statute to which the defendant is pleading guilty is unconstitutional and that the admitted conduct does not fall within the scope of the statute. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

17. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on the Government, the probation office, or the Court. The defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the Government, or a recommendation made jointly by both the defendant and the Government.

18. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to conspiracy to commit felony violations of the Foreign Corrupt Practices Act, removal may be presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's

attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

19. The Government and the defendant stipulate to and agree not to contest the facts in the Factual Proffer, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case. The defendant agrees that the facts in the Factual Proffer are true and correct to the best of the defendant's knowledge. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the defendant's guilty plea to the charge discussed in paragraph two, the factual basis set forth in the Factual Proffer does not purport to represent all facts and circumstances relating to the defendant's participation. Similarly, the factual basis in the Factual Proffer is not intended to identify all knowledge the defendant might have of the unlawful activity of other individuals.

20. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified in paragraph one above, or should the Government, in its sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, the Government will be released from its obligations under this agreement, and the defendant agrees and understands that:

(a) the defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence;

(b) that any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the Government;

(c) the defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of time in filing an Indictment or Information, referred to herein, shall remain in full force and effect;

(d) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or the Government; and

(e) the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

21. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 6/24/19

By: _____
MICHAEL B. NADLER
ASSISTANT UNITED STATES ATTORNEY

Date: 6/24/19

ROBERT ZINK
ACTING CHIEF, FRAUD SECTION
Department of Justice, Criminal Division

By: _____
JOHN-ALEX ROMANO
TRIAL ATTORNEY

Date: 6/24/19

DEBORAH L. CONNOR
CHIEF, MONEY LAUNDERING &
ASSET RECOVERY SECTION
Department of Justice, Criminal Division

By: _____ /for
JOSEPH PALAZZO
TRIAL ATTORNEY

Date: 6/24/19

_____
THERESA VAN VLIET, Esq.
COUNSEL FOR DEFENDANT CHACIN

Date: 06/24/19

_____
LUIS ALBERTO CHACIN HADDAD
DEFENDANT